**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON**

**TIKESHA SPRATLEY,**

***Plaintiff,***

**v.** **Case No.:** CL24-2710-00

**WAL-MART STORES EAST, LP,**

***Defendant.***

**Serve:** **Wal-Mart Stores East, LP**
**CT Corporation System, Registered Agent**
**4701 Cox Road**
**Suite 285**
**Glen Allen, Virginia 23219**

**COMPLAINT**

NOW COMES your Plaintiff, Tikesha Spratley, by counsel, and as and for her Complaint against Wal-Mart Stores East, LP, states as follows:

**Parties and Jurisdiction**

1. Tikesha Spratley ("Plaintiff") is an individual residing in the City of Hampton, Virginia.

2. Wal-Mart Stores East, LP, ("Defendant"), is a limited partnership organized and existing under the laws of the State of Delaware, with a principal office address of 702 SW 8th Street, Bentonville, Arkansas, 72716.

3. The Defendant regularly conducts affairs and or business in the City of Hampton, Virginia, as it operates retail stores open to the public at 117 Marketplace Drive, Hampton, Virginia 23666, and 1900 Cunningham Drive, Hampton, Virginia 23666.

4. This Court has personal jurisdiction over the Defendant pursuant to Virginia Code § 8.01-328.1(1), (2), (3), and (6).



EXHIBIT
tabbles
A

5. Venue is appropriate in this Court pursuant to Virginia Code § 8.01-262(3), and (4).

**Facts**

6. The Plaintiff was at all relevant times, an adult resident of the City of Hampton, Virginia, and a citizen of the Commonwealth of Virginia.

7. On or about September 18, 2023, the Plaintiff was physically present at the Defendant's location in the City of Hampton, located at 117 Marketplace Drive, Hampton, Virginia 23666.

8. On or about September 18, 2023, the Plaintiff was physically present at the Defendant's location at 117 Marketplace Drive, to shop at the Defendant's location for groceries.

9. While walking on or about the Defendant's location at 117 Marketplace Drive on or about September 18, 2023, the Plaintiff suddenly and violently fell to the ground due to dangerous, defective, and slippery floors.

10. At the time of the fall, the Plaintiff was walking in a designated aisle for shoppers at the Defendant's 117 Marketplace Drive location.

11. The Plaintiff was located on the Defendant's property in an area accessible to the public.

12. There were no posted signs or warnings alerting the Plaintiff to the dangerous and defective conditions of the walkway.

13. The Plaintiff received no warnings, verbal, written, or otherwise, from the Defendant, or any agent of the Defendant, about the dangerous and defective conditions of the Defendant's floors.

14. The Defendant knew or should have known about dangerous and defective conditions on the floor on which the Plaintiff was walking and failed to provide notice of any kind

to the Plaintiff.

15. The dangerous and defective conditions of the floor existed for such a length of time that the Defendant knew or should have known of the dangerous and defective conditions and warned the Plaintiff.

16. The sudden and violent fall to the floor caused significant physical injuries and financial hardship for the Plaintiff.

17. The Plaintiff has been forced to expend significant sums of money to cure herself of the injuries incurred because of the Defendant's failure to maintain its premises in a safe condition.

**COUNT ONE: NEGLIGENCE**

18. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

19. The Defendant owed a non-delegable duty of reasonable care to the Plaintiff to ensure that it maintained its premises in a safe condition.

20. The Defendant negligently breached this duty by failing to maintain its premises in a safe condition and failing to warn the Plaintiff of the dangerous and defective conditions of the floor.

21. As a direct and proximate result of the Defendant's negligence, the Plaintiff has sustained severe and permanent physical injuries, resulting in permanent physical pain and suffering, mental anguish, and emotional distress.

22. As a direct and proximate result of the Defendant's negligence, the Plaintiff has incurred, and will continue to incur medical expenses, pharmaceutical expenses, and loss of earnings.

WHEREFORE, the Plaintiff, Tikesha Spratley, seeks an order awarding damages in the amount of $2,500,000.00 (Two Million Five Hundred Thousand Dollars) with interest and costs,

including pre-judgment and post-judgment interest as provided by law.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

**TIKESHA SPRATLEY**

By____________________________
Of Counsel

Matthew J. Moynihan, Esq. (VSB # 86430)
Bischoff Martingayle, P.C.
208 East Plume Street, Suite 247
Norfolk, Virginia 23510
Telephone: (757) 935-9193
Facsimile: (757) 440-3924
Email: mjm@bischoffmartingayle.com
*Counsel for the Plaintiff*

FILED
2024 DEC 18 PM 12:06
LINDA BATCHELOR SMITH, CLERK
CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON VA

# COMMONWEALTH OF VIRGINIA

HAMPTON CIRCUIT COURT
Civil Division
237 N. KING STREET/PO BOX 40
HAMPTON VA 23669-0040
(757) 727-6105

Summons

To: WAL-MART STORES EAST, LP
CT CORPORATION SYSTEM
REGISTERED AGENT
SUITE 285
GLEN ALLEN VA 23219

Case No. 650CL24002710-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, January 10, 2025

Clerk of Court: LINDA BATCHELOR SMITH

by ______________________ ([redacted]/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name: MOYNIHAN, MATTHEW J
208 EAST PLUME STREET
SUITE 247
NORFOLK VA 23510

SERVED BY
DRISKELL SERVICES, INC.
757-961-6961